UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| D.F., a minor, by and through her Guardian ad Litem; ROBIN EVANS, an individual,<br><br>            Plaintiffs,<br><br>    v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT,<br><br>            Defendant. | CIV. NO. 2:13-1887 WBS CKD<br><br>MEMORANDUM AND ORDER RE: MOTION FOR ATTORNEYS' FEES AND COSTS |

----oo0oo----

Plaintiffs D.F. and Robin Evans bring this action against defendant Sacramento City Unified School District for attorneys' fees and costs under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B).

I.   Factual & Procedural Background

Plaintiffs filed a request for a due process hearing ("Complaint") under the IDEA on April 9, 2012, asserting various

1

claims relating to defendant's alleged failure to assess D.F.'s eligibility for special education. (Pls.' Mem. Ex. 1 ("Decision") at 1-3 (Docket No. 25-1).) On August 13, 2012, plaintiffs filed an amended due process request ("Amended Complaint"), seeking a determination that defendant conducted untimely and incomplete assessments of D.F., improperly denied D.F. special education eligibility, failed to timely provide school records, and improperly rejected D.F.'s request for independent educational evaluations ("IEEs").

        The parties appeared before an administrative law judge ("ALJ") in October 2012. After three days of hearing, the ALJ determined that defendant fully prevailed on five of the seven issues raised in the Amended Complaint, while each party prevailed in part on the remaining two issues. (Decision at 31.) In particular, the ALJ found that defendant had committed two procedural violations: (1) failing to commence the assessment process in response to a request by Evans on January 10, 2012, and (2) failing to provide written notice of Evans' purported oral withdrawal of the assessment request. (Id. at 30.) However, the ALJ ruled that D.F. "did not suffer any loss of educational benefit because she was not eligible for special education services, so the delay in assessing [D.F.] caused no harm." (Id. at 30-31.) Accordingly, the ALJ denied plaintiffs' requests for relief. (Id. at 31.) Neither party appealed the Decision.

        Plaintiffs initiated the present action on September 10, 2013, (Docket No. 1), and now move for $72,978.10 in

attorneys' fees and costs. (Docket No. 25.) Defendant opposes the motion. (Docket No. 26.)

## II. Analysis

### A. Attorneys' Fees

Under the IDEA, a district court, "in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability[.]" 20 U.S.C. § 1415(i)(3)(B). To be a "prevailing party," a litigant must demonstrate it has obtained a judicially sanctioned material alteration of the parties' legal relationship. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604-05 (2001); see also Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 374 F.3d 857, 865 (9th Cir. 2004) (applying Buckhannon's definition of "prevailing party" to the IDEA's attorneys' fees provision). In the context of the IDEA, a student prevails in an administrative hearing if the ALJ's order gives the student the ability to require the school district "to do something [it] otherwise would not have to do." V.S. v. Los Gatos-Saratoga Joint Union High Sch. Dist., 484 F.3d 1230, 1233 (9th Cir. 2007) (quoting Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1118 (9th Cir. 2000)) (alteration in original). "[A] plaintiff is not the prevailing party if his or her success is purely technical or de minimis." Shapiro, 374 F.3d at 865 (citation omitted).

Here, plaintiffs seek an award of attorneys' fees because the ALJ determined that plaintiffs prevailed in part on two of the seven issues raised in the due process hearing. The

3

ALJ's designation of prevailing party status, however, is not dispositive for this court's determination of attorney fees. See V.S., 484 F.3d at 1233 n.2 ("The district court also correctly noted that the hearing officer's designation of prevailing party status cannot be dispositive in itself . . . .").

More importantly, the ALJ also determined that defendant prevailed in part on those two issues, not to mention that defendant fully prevailed on the remaining five issues. In particular, the ALJ determined that although defendant had committed two procedural violations, D.F. "did not suffer any loss of educational benefit because she was not eligible for special education services, so the delay in assessing [D.F.] cased no harm." (Decision at 30-31.) The ALJ then denied plaintiffs' requests for relief, which had included independent educational evaluations, compensatory education in areas of need, non-public school placement, and transportation costs. (Id. at 31.)

Although the threshold above which a party's success is no longer technical or de minimis may be low, prevailing party status requires that the party obtain "at least some relief," even if only nominal damages. Buckhannon, 532 U.S. at 603-604; see also Park v. Anaheim Union High Sch. Dist., 464 F.3d 1025, 1036 (9th Cir. 2006) ("De minimis judgments are those that confer no rights on the party--those that do not affect the obligations of the defendants toward the plaintiff.").

Here, because the plaintiffs partially prevailed on two procedural issues but obtained none of the relief sought, the

4

ALJ's determination that defendant violated plaintiffs' procedural rights but warranted no remedy conferred "no rights" on plaintiffs and did "not affect the obligations of the defendants toward the plaintiff[s]."  Park, 464 F.3d at 1036.  Plaintiffs' partial procedural victory, in which they obtained no relief, is thus the exact type of technical or de minimis success insufficient to confer prevailing party status.  See Parents of Student W. v. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994) (denying attorneys' fees where administrative officer denied all eight types of relief requested, and agreement to reschedule individualized education program was de minimis success).

For their part, plaintiffs correctly point out that the determination of prevailing party status "does not turn on the magnitude of the relief obtained."  (Pls.' Mem. at 10:9-11 (Docket No. 25).)  This assumes, however, that the party seeking fees obtains "at least some relief."  Buckhannon, 532 U.S. at 603-604.  The cases plaintiffs cite reflect this.  In Park, for example, Ninth Circuit recognized that the plaintiffs "failed to prevail on all of their claims," but awarded fees because the ALJ had determined that the defendant had violated the student's right to a free and appropriate public education (FAPE) and ordered the defendant to take a number of compensatory actions, which "resulted in a significant change in the [defendant's] legal obligations" toward the plaintiffs.  464 F.3d, at 1035-37.[1]

---

[1] The other case cited by plaintiffs is inapposite because that defendant did not contest the plaintiffs' prevailing party status.  See S.A. v. Patterson Joint Unified Sch. Dist.,

Here, however, the ALJ ruled that defendant did not violate D.F.'s right to a FAPE and did not order defendant to take any action at all, finding instead that defendant's procedural violations were harmless because they did not cause D.F. to suffer any loss of educational benefit.  (Decision at 30-31.)  Because the ALJ did not order any change in the legal obligations of defendant toward plaintiffs, much less a "significant change," Park, 464 F.3d, at 1035, plaintiffs are not the prevailing party for purposes of obtaining attorneys' fees.[2]  See also V.S., 484 F.3d at 1233 (holding that, to be the prevailing party, a student must obtain the ability to require a school district to do something it otherwise would not have to do).

Nevertheless, plaintiffs insist that their suit achieved their goals of receiving an assessment and evaluation of D.F. for special education eligibility, a determination that defendant failed to timely assess D.F., and access to school records.  Plaintiffs also assert that, since the ALJ's decision, defendant has been providing D.F. with special education services.  (Pls.' Mem. at 13:9-19.)  Even assuming that plaintiffs have supplied sufficient factual support for these assertions, the Supreme Court has expressly rejected this

---

Civ. No. 1:10-00943-OWW, 2010 WL 3069204, at *6 (E.D. Cal. Aug. 2, 2010).  Moreover, the ALJ in that case also ordered the defendant to provide plaintiff with specific relief, unlike the matter at hand.

[2]   That the ALJ admonished defendant for its procedural shortfalls and noted that "the District may consider training on these issues" does not alter the legal obligations between the parties in any sense.  (Decision at 31.)

"catalyst theory" of attorney fees, holding that a prevailing party determination requires a "judicially sanctioned change in the legal relationship of the parties." Buckhannon, 532 U.S. at 605 (emphasis added). According to the Court, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." Id. Under Buckhannon, any conduct by defendant beyond what the ALJ required cannot confer prevailing party status on plaintiffs.

Thus, even if defendant's decision to conduct an assessment of D.F. in June 2012 accomplished some of what plaintiffs sought to achieve in filing the Complaint, plaintiffs present no evidence that this decision was involuntary or otherwise judicially-mandated so as to confer prevailing party status upon plaintiffs.[3]  See Id.  Nor did plaintiffs prevail because the ALJ made certain findings that may enable D.F. to obtain a favorable determination in the future.  Making these findings is not the same as ordering defendant to do something, and nothing in the Decision affirmatively requires defendant to make any such determination.

The same is true for defendant's alleged change in behavior after the Decision.  Even if defendant has since granted some of the relief that plaintiffs sought in originally filing

---

[3] Plaintiffs' own actions belie their assertions that the June 2012 assessment accomplished what plaintiffs sought to achieve, as they subsequently filed an Amended Complaint in which they claimed that the assessment was improperly conducted.  (See Decision at 1-2 (framing challenge to June 2012 assessment as "Issue 3").)  The ALJ then rejected this challenge.  (See id. at 26 (finding in favor of defendant on Issue 3).)

suit, none of these alleged actions were required by the ALJ's order. (See Decision at 31 (denying plaintiffs' requests for relief).) Without this "necessary judicial imprimatur," Buckhannon, 532 U.S. at 605, defendant's alleged change in conduct does not give rise to prevailing party status or an award of attorneys' fees.[4]

Finally, plaintiffs assert that they are entitled to a full award of fees because defendant unreasonably protracted final resolution of the action by backing out of a purported settlement agreement in May 2012. Plaintiffs, however, misread the statute. Plaintiffs point to a provision of the IDEA that instructs courts not to reduce an attorneys' fees award if the court finds that "the State or local educational agency unreasonably protracted the final resolution of the action or proceeding." 20 U.S.C. § 1415(i)(3)(G). However, by its express terms, this exception only applies if the court is reducing a fee award based on a number of enumerated grounds in subparagraph F of the statute, which include: if the parent or parent's attorney unreasonably protracted the proceeding; if the amount of attorneys' fees exceeds the prevailing hourly rate; if the time spent and legal services furnished were excessive; or if the attorney representing the parent did not provide appropriate information to the local educational agency. 20 U.S.C. § 1415(i)(3)(F). This exception also assumes that the court has

---

[4] Plaintiffs contend that "an initial assessment and eligibility determination would have been ordered in the Decision had they not been completed prior to hearing." (Pls.' Reply at 7:3-4 (Docket No. 27).) However, this speculation cannot support a determination that plaintiffs were the prevailing party.

found the party seeking fees to be the prevailing party.  See id. (referring to "the amount of the attorneys' fees awarded under this section"); § 1415(i)(3)(B) (allowing for attorneys' fees award to "prevailing party").  Because the court has determined that plaintiffs were not the prevailing party, and is not reducing the fees sought based on the grounds in subparagraph F of the statute, defendant's alleged protraction of the final resolution has no bearing on the determination of attorneys' fees here.[5]

In sum, plaintiffs cannot point to anything in the ALJ's Decision or elsewhere that requires defendant "to do something [it] otherwise would not have to do" as a result of plaintiffs' suit.  V.S., 484 F.3d, at 1233.  Accordingly, plaintiffs are not the prevailing party and are therefore not entitled to attorneys' fees in this action.

B. Costs

In their reply brief, plaintiffs assert that, because defendant did not specifically devote any of its Opposition brief to the issue of costs, defendant has thereby waived any opposition to the requested award of costs.  (Reply at 2:15-22.)  Defendant, however, staunchly opposes a determination that plaintiffs were the prevailing party, and a determination that plaintiffs did not prevail necessarily obviates an award of costs to plaintiffs.  See Fed. R. Civ. P. 54(d)(1) (instructing that

---

[5] Nor does the purported settlement agreement itself, absent any judicial imprimatur, confer prevailing party status to plaintiffs.  See P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1173 (9th Cir. 2007).

9

costs "should be allowed to the prevailing party"). Plaintiffs do not provide any authority for the assertion that the court may award plaintiffs costs without a determination that plaintiffs were the prevailing party. Instead, it is within the court's direction to require each party to bear its own costs in the event of a mixed judgment. Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996). The court will do so here.

IT IS THEREFORE ORDERED that plaintiffs' motion for attorneys' fees and costs be, and the same hereby is, DENIED.

The Clerk of Court is instructed to close this file.

Dated:  June 3, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE